UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD G. HUMPHRIES,

                Plaintiff,

v.

JACOB M. WARD, *et al*.,

                Defendants.

CASE NO. C17-1397-RAJ-MAT

ORDER DECLINING TO SERVE COMPLAINT AND GRANTING LEAVE TO AMEND

Plaintiff Richard Humphries has submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. The Court, having reviewed plaintiff's complaint, hereby finds and ORDERS as follows:

(1)    Plaintiff's complaint relates to a residential DOSA (Drug Offender Sentencing Alternative) sentence which was imposed by King County Superior Court Judge Brian Gain on December 2, 2011. (*See* Dkt. 4-1.) On March 14, 2012, shortly after plaintiff was released from the residential chemical dependency treatment portion of his sentence, Washington Department of Corrections (DOC) Community Corrections Officer (CCO) Jacob Ward sent a notice of violation to Judge Gain alleging that plaintiff had committed two violations of the conditions of his community custody. (See Dkt. 4-5.) King County Superior Court Judge Greg Canova conducted

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 1

a hearing on the alleged violations on April 6, 2012, and thereafter issued an order revoking plaintiff's DOSA sentence, pursuant to RCW 9.94A.660(7)(c), upon finding that plaintiff had violated the conditions of his sentence by making third-party contact, or attempted contact, with a protected person. (Dkt. 4-4 at 3.)

Plaintiff was sentenced to serve 13 months of total confinement following the revocation, with credit for time previously served under the same cause number and for days spent in inpatient treatment. (*See id.* at 4.) It appears that plaintiff served approximately 144 days in custody before being released to serve a 12 month term of community custody. (*See* Dkt. 4-1 at 3; Dkt. 4-4 at 4.)

Plaintiff contends that the superior court erred in revoking his DOSA sentence under RCW 9.94A.660 because the judge who revoked the sentence was not the judge who had originally imposed the sentence. (*See* Dkt. 4-1 at 4, 12.) Plaintiff also appears to contend that because he was on community custody under DOC supervision at the time of the alleged violations, the DOC, and not the superior court, should have been the entity to address any violation of the terms of plaintiff's community custody. (*See id.* at 12.) Though not entirely clear, plaintiff appears to identify CCO Jacob Ward and the DOC as defendants in this action. Plaintiff seeks declaratory and injunctive relief, and damages.

(2) Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 2

544, 555 (2007). In addition, a complaint must allege facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

(3) The Court declines to order that plaintiff's complaint be served because his complaint is deficient in the following respects:

(a) It appears likely that plaintiff's claims are barred by the statute of limitations. For claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261 (1985). Thus, the applicable limitations period for plaintiff's claims is three years. RCW 4.16.080(2). Although state law provides the applicable limitations period, federal law determines when the cause of action accrues. *See Fink v. Shedler,* 192 F.3d 911, 914 (9th Cir. 1998) (citing *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994)). Under federal law, a claim accrues when the plaintiff knows, or should have known, of the injury which is the basis of the cause of action. *Fink*, 192 F.3d at 914.

According to the complaint, and the materials submitted in support thereof, the conduct which forms the basis of plaintiff's claims occurred between March 14, 2012, the date CCO Ward submitted the notice of violation to the superior court, and April 6, 2012, the date plaintiff's DOSA

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 3

sentence was revoked. Plaintiff did not submit his civil rights complaint to this Court for filing until September 15, 2017, over two years after the statute of limitations appears to have expired.

Plaintiff, obviously anticipating this statute of limitations problem, asserts in his complaint that his claims are not subject to the statute of limitations because the judge who revoked plaintiff's DOSA sentence (Judge Canova), the prosecuting attorney who represented the state at the revocation hearing (Bradley Bowen), the public defender who represented plaintiff at the revocation hearing (Brian Todd), and CCO Ward, committed a fraud upon the court by improperly participating in the adjudication of the alleged DOSA sentence/community custody violations. However, plaintiff offers no evidence that any of these individuals engaged in fraudulent activity, nor any evidence that the alleged fraudulent activity prevented him from timely filing this civil rights action. In fact, it appears from the record before this Court that all information necessary for plaintiff to pursue a claim that his community custody violations were adjudicated by the wrong entity were available to him at the time of the adjudication in April 2012. It thus appears clear that plaintiff's claims are barred by the statute of limitations.

(b) Even assuming plaintiff could demonstrate that his claims are not barred by the statute of limitations, he has not adequately alleged any viable cause of action against the named defendants. Plaintiff alleges that defendants violated his rights under the Equal Protection Clause when they manipulated the law to have the alleged DOSA violations brought before Judge Canova, rather than before Judge Gain or a DOC hearing officer.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." In order to state an equal protection claim, a plaintiff must show that defendants acted with an intent or purpose to discriminate against the plaintiff based upon his membership in a protected class. *Barren v.*

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 4

*Harrington*, 152 F.3d 1193, 1994 (9th Cir. 1998) (citations omitted). Plaintiff alleges no facts demonstrating that defendants knowingly or intentionally discriminated against him, or that any adverse action was based upon his membership in a protected class. Thus, plaintiff has not adequately alleged any equal protection violation in his complaint.

    (c)    Plaintiff also alleges that defendants violated his due process rights. So far as this Court can discern, plaintiff's due process claim relates to the alleged failure of defendants to comply with DOC administrative procedures and/or state statutes relating to the revocation of DOSA sentences. However, violations of the state administrative code and/or state statue are not cognizable under § 1983, and simply asserting that such violations amount to a federal due process violation, without more, is not sufficient to turn a state law claim into a federal constitutional claim. Plaintiff has alleged no facts suggesting that he suffered any violation of his due process rights.

    (4)    Plaintiff may file an amended complaint curing the above noted deficiencies within ***thirty (30) days*** of the date on which this Order is signed. The amended complaint must carry the same case number as this one. If no amended complaint is timely filed, the Court will recommend that this action be dismissed.

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, any amended complaint must clearly identify the defendant(s), the constitutional claim(s) asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested.

    (5)    Plaintiff submitted with his complaint a declaration in support of a temporary restraining order (Dkt. 4-11), and a proposed order to show cause for a preliminary injunction and

ORDER DECLINING TO SERVE COMPLAINT
AND GRANTING LEAVE TO AMEND - 5

a temporary restraining order (Dkt. 4-12).  Plaintiff did not, however, submit an actual motion for a temporary restraining order with his other materials.  Absent an actual motion, there is no proper request for relief before the Court.  And, in any event, the Court would not consider such a motion at this juncture as plaintiff has yet to submit a viable complaint.

(6) The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint.  The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Richard A. Jones.

DATED this 17th day of October, 2017.

Mary Alice Theiler
United States Magistrate Judge