UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD G. HUMPHRIES,<br><br>    Plaintiff,<br><br>    v.<br><br>JACOB WARD, *et al.*,<br><br>    Defendants. | Case No. C17-1397-RAJ-MAT<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action brought under 42 U.S.C. § 1983. Plaintiff Richard Humphries has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has failed to state a claim upon which relief may be granted. This Court therefore recommends that this action be dismissed, with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

On September 15, 2017, plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. 1.) The claims asserted plaintiff's complaint arise out of the

REPORT AND RECOMMENDATION - 1

revocation of plaintiff's DOSA (Drug Offender Sentencing Alternative) sentence in 2012. Plaintiff's DOSA sentence was originally imposed by King County Superior Court Judge Brian Gain on December 2, 2011. (*See* Dkt. 6, Ex. A.) On March 14, 2012, shortly after plaintiff was released from the residential chemical dependency treatment portion of his sentence, Washington Department of Corrections (DOC) Community Corrections Officer (CCO) Jacob Ward sent a notice of violation to Judge Gain alleging that plaintiff had committed two violations of the conditions of his community custody. (*See id*., Ex. D.)

On April 6, 2012, King County Superior Court Judge Greg Canova conducted a hearing on the alleged violations and thereafter issued an order revoking plaintiff's DOSA sentence upon finding that plaintiff had violated the conditions of his sentence by making third-party contact, or attempted contact, with a protected person. (*Id*., Ex. C.) Plaintiff was sentenced to serve 13 months of total confinement following the revocation, with credit for time previously served under the same cause number and for days spent in inpatient treatment. (*See id*., Ex. C.)

Plaintiff claims here that the superior court erred in revoking his DOSA sentence because the judge who revoked the sentence was not the judge who originally imposed the sentence. (*See id*. at 4, 12.) Plaintiff also claims that because he was on community custody under DOC supervision at the time of the alleged violations, the DOC and not the superior court, should have been the entity to address any violation of the terms of his community custody. (*See id*. at 12.) Plaintiff asserts that these alleged errors in the revocation process violated his rights under the Equal Protection and Due Process Clauses of the United States Constitution. (*Id*.) Though not entirely clear, plaintiff appears to identify CCO Jacob Ward and the DOC as defendants in his complaint. (*See id*. at 1, 3.) Plaintiff requests declaratory and injunctive relief, and damages. (*Id*. at 12-13.)

REPORT AND RECOMMENDATION - 2

After reviewing plaintiff's complaint, this Court determined that plaintiff had not stated any claim upon which relief could be granted in this civil rights action. Thus, on October 17, 2017, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to file an amended complaint curing certain specified deficiencies. (Dkt. 7.) The Court first noted in its Order declining to serve the complaint that it appeared likely plaintiff's claims were barred by the statute of limitations because his claims accrued not later than April 2012 when his DOSA sentence was revoked, and he did not file the instant action until September 2017, well past the three year statute of limitations for claims brought under § 1983. (*See id*. at 3-4.)

The Court further noted that though plaintiff asserted his claims were not subject to the statute of limitations because those involved in the revocation of his DOSA sentence had committed a fraud upon the court by improperly participating in the adjudication of the alleged DOSA sentence/community custody violations, plaintiff had presented no actual evidence to support his fraud claim, nor any evidence that the alleged fraudulent activity prevented him from timely filing this civil rights action. (*See id*. at 4.)

The Court went on to explain that even if plaintiff could demonstrate that his claims were not barred by the statute of limitations, he had not adequately alleged any viable cause of action against the named defendants. (*See id*.) The Court observed that plaintiff alleged defendants violated his rights under the Equal Protection Clause when they manipulated the law to have the alleged DOSA violations brought before Judge Canova, rather than before Judge Gain or a DOC hearing officer, but he set forth no facts demonstrating that defendants knowingly or intentionally discriminated against him, or that any adverse action was based upon his membership in a protected class, as was necessary to state an equal protection claim. (*Id*. at 4-5.)

With respect to plaintiff's due process claim, the Court observed that the claim appeared

REPORT AND RECOMMENDATION - 3

to be based on the alleged failure of defendants to comply with DOC administrative procedures and/or state statutes relating to the revocation of DOSA sentences which implicated only state law concerns and not federal constitutional concerns. (Dkt. 7 at 5.)

Plaintiff was originally granted thirty days within which to file an amended complaint. (*Id*.) Plaintiff was subsequently granted an extension of time to February 16, 2017 to file his amended complaint. (Dkt. 11.) Plaintiff was advised in the Order granting his requested extension that his failure to file an amended complaint by the newly established deadline would result in a recommendation that this action be dismissed. (*Id*. at 2.) To date, plaintiff has filed no amended complaint curing the deficiencies identified in his original complaint.

## CONCLUSION

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to allege any viable claim for relief in his original complaint, and because plaintiff elected not to file an amended complaint despite having had ample opportunity to do so, this Court recommends that plaintiff's complaint, and this action, be dismissed, with prejudice, under § 1915(e)(2)(B)(ii).

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be

REPORT AND RECOMMENDATION - 4

ready for consideration by the District Judge on **April 13, 2018**.

DATED this 19th day of March, 2018.

[signature]

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5